**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL G. ARNOLD,

          Petitioner - Appellant,

  v.

ANTHONY KANE,

          Respondent - Appellee.

No. 10-16956

D.C. No. 2:06-cv-01539-AWT

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
A. Wallace TASHIMA, Senior Circuit Judge, Presiding

Submitted December 6, 2011[**]
San Francisco, California

Before: O'SCANNLAIN and BERZON, Circuit Judges, and LASNIK, District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert S. Lasnik, District Judge for the U.S. District
Court for Western Washington, sitting by designation.

Petitioner-Appellant Michael G. Arnold appeals the denial of his federal habeas petition. He argues that adverse pretrial publicity deprived him of a fair trial and that the state trial court should therefore have granted a change of venue. We affirm.

Because Arnold's habeas petition was filed after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies. Under AEDPA, Arnold must demonstrate that the state court's merits decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

To establish a constitutional violation on grounds of adverse pretrial publicity, a criminal defendant must demonstrate either actual or presumed prejudice. *Randolph v. California*, 380 F.3d 1133, 1142 (9th Cir. 2004). Arnold fails to establish any error, let alone one rising to the level necessary for relief under § 2254(d). The state court reasonably concluded that the publicity surrounding his trial was not extreme enough to compel a finding of presumptive prejudice. *See Murphy v. Florida*, 421 U.S. 794, 796-99 (1975). Nor does the for-

cause dismissal of two prospective jurors establish the existence of actual prejudice. *See id.* at 803.

**AFFIRMED.**